**OXFELD COHEN, PC**
60 Park Place, 6th Floor
Newark, New Jersey 07102
(973) 642-0161
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISTRICT 1199J, NEW JERSEY HEALTH CARE EMPLOYERS BENEFIT FUND,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>PRINCETON CARE CENTER,<br><br>　　　　　　　　　　Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

## I.   NATURE OF CLAIM

1.   Plaintiff brings this action pursuant to 29 U.S.C. ¶1145 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. ¶ 1001 et seq. It seeks to enforce obligations of the Defendant, Princeton Care Center, ("Princeton"), to make unpaid Benefit Fund contributions to the District 1199J, New Jersey Health Care Employers Benefit Fund ("Benefit Fund"), Plaintiff.

2.   In this action, Plaintiff seeks declaratory judgment, payment of unpaid benefit fund contributions, pre-judgment interest on unpaid contributions, damages equal to the greater of the interest on unpaid contributions or liquidated damages, injunctive relief, production of payroll records, reasonable attorney's fees, and such other legal or equitable relief as the Court deems necessary and proper.

## II. JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. ¶ 1132 of ERISA, entitled "Civil Enforcement," and 29 U.S.C. § 185 of the Labor Management Relations Act ("LMRA"). Venue properly lies in this district under ERISA, 29 U.S.C. § 1132(e)(2).

## III. PARTIES

4. Plaintiff is an employee benefit plan within the meaning of ERISA. Its offices are located at 9-25 Alling Street, Newark, New Jersey 07102. Defendant, Princeton is an employer with a bargaining unit of employees within the meaning of the National Labor Relations Act ("Act"), 29 U.S.C. 151 et seq., and is an employer within the meaning of ERISA. Defendant is located at 728 Bunn Drive, Princeton, New Jersey 08540.

## IV. STATEMENT OF FACTS

5. Princeton is a participant in an Agreement and Declaration of Trust ("Trust") for the Benefit Fund. Article V, Section 5.1 of the Trust, entitled "Contribution By Written Agreement," provides that:

> The contributions to the Trust Fund shall be made pursuant to the terms of the Collective Bargaining Agreements or such other agreements as may be executed to require an Employer to Contribute on behalf of its Employees; however, there shall be a minimum level of Contributions required for an Employer to participate in this Trust Fund which shall be equal to the dollar amount per participating employee being contributed by the New Jersey Employers. An Employer shall not be required to make any Contribution except as provided in the Collective Bargaining Agreement or other such agreement to which the Employer is a party.

6. Section 5.3 of Article V of the Trust, entitled "Nonpayment," provides that:

> The failure of an Employer to pay the Contributions as required hereinunder shall be a violation of the Collective Bargaining Agreement or other agreement of the said Employer. Non-payment by an Employer of any Contributions when due shall not relieve any other Employer of its obligation to make payments.

7. Section 5.4 of the Trust entitled, "Documents: Access and Filing," provides that:

> Each Contributing Employer shall furnish or make available to the Trustees upon their written demand such pertinent wage and payroll information relating to its Employees covered by the Collective Bargaining Agreement or other agreement requiring contributions as shall be necessary for the implementation of the Trust. Each Employer shall also render to the Trustees with the payment of its Contributions written reports as to the wages paid to its Employees and the Contributions due or payable to the Trust Fund pursuant to the Collective Bargaining Agreement or other agreement.

8. Section 5.5 of the Trust, entitled "Audits," provides that:

> The Trustees, or their authorized representatives, may examine and audit the pertinent payroll books and records of each Employer whenever such examination or audit is necessary in connection with the proper administration of the Trust Fund. The Employers shall make such documents as required to perform the audit available to the Trustees or their authorized representatives.

9. Princeton is a party to a collective bargaining agreement, ("CBA") with District 1199J, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, effective July 1, 2010 – June 30, 2013.

10. Princeton is obligated under the terms of the CBA, Article XX, to make monthly contributions to the Benefit Fund at the rate of twenty-four percent (24%) of gross payroll, effective July 1, 2008. Prior thereto the contribution rate was twenty-three percent (23%).

11. On October 10, 2007, Princeton and the Benefit Fund entered into a Stipulation of Settlement ("Stipulation") as to a $647,625.87 delinquency, which Princeton had in its contributions. That Stipulation provides in pertinent part:

> 2. That Princeton shall satisfy its delinquency to the Benefit Fund under the following schedule of monthly payments:
>
> 1. October 1, 2007 to December 31, 2007, $2500.00 per month;
> 2. January 1, 2008 to September 30, 2008, $5000.00 per month;
> 3. October 1, 2008 to December 31, 2009, $7500.00 per month:
> 4. January 1, 2010, until the date that the delinquency is satisfied, $10,000.00 per month.
>
> 4. That the failure to comply with the payment terms as described above will result in the full remaining balance, plus the contractually calculated interest, being due and owing immediately.
>
> 5. That Princeton will continue to be required to make its contractually mandated monthly payments to the Benefit Fund, in addition to the payment of past due contributions. The failure to make any of these monthly payments will result in the full remaining balance on the delinquency, plus contractually calculated interest, being due and owing immediately.
>
> 6. That Princeton warrants to the Benefit Fund a confession of judgment. In the event that Princeton fails to make any payment agreed to herein, within the timelines agreed to herein, this document can be used by the Benefit Fund to enter a judgment against Princeton for the full amount remaining to be paid, and no further notice is required to be given to Princeton. By entering into this agreement, the Benefit Fund does not waive any rights it has under law to enforce this Stipulation of Settlement, and to recover all damages to which it is entitled under the law in the event that a payment is not made. The Benefit Fund does not waive its right to exercise any contractually mandated rights, including, but not

limited to, audits of Princeton regarding contributions to the Benefit Fund.

## V.  COUNT ONE

12. On October 10, 2007, plaintiff and defendant entered into a Stipulation of Settlement, whereby defendant agreed to satisfy a contribution delinquency to plaintiff.

13. Princeton was delinquent on its current contribution obligations for the payroll period of July 1, 2013 to July 31, 2013, due on August 1, 2013, estimated at $26,000.00, plus interest.

14. The Stipulation of Settlement provides that in the event Princeton is delinquent on its current contribution obligations, it owes the entire amount of the arrears, $402,331.88.

15. Princeton was notified of the delinquency by letter dated September 9, 2013 faxed on that date.

## VI.  COUNT TWO

13. 29 U.S.C. § 1145 of ERISA requires an employer to comply with its obligation to contribute to a multi-employer benefit plan. Section 1145 provides as follows:

> "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and contributions of such plan or such agreement."

14. The contractual obligations of Defendant Princeton are found in the Trust, the Collective Bargaining Agreement and the Stipulation of Settlement.

15. Princeton was delinquent on its payments for July and August, 2013 in the amount of $20,000.00, for arrears under the terms of the Stipulation of Settlement. Princeton now immediately owes $402,331.88, plus interest, which is the entire amount of the arrears owed.

16. Princeton was notified of this delinquency by letter dated August 30, 2013, faxed on that date.

### VII. COUNT THREE

17. Princeton is delinquent on its current obligations for the payroll period of August 1 to August 31, 2013, which was due on September 1, 2013 in the estimated amount of $29,200, plus interest.

18. Princeton is delinquent on its arrears as per the Stipulation of Settlement in the amount of $10,000, due on September 1, 2013.

19. Princeton was notified of the delinquencies by letter dated September 26, 2013, faxed on that date.

20. The stipulation of Settlement provides that in the event that Princeton is delinquent on its current obligation, or on its arrears payments, it owes the entire amount of the arrears, $402,331.88.

### VIII. DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Enter judgment that the failure to make appropriate contributions into the Fund constitutes a violation of ERISA, the collective bargaining agreement, the Agreement and Declaration of Trust, and the Stipulation of Settlement;

2. Require the full payment of unpaid contributions to the Fund;

3. Require full payment of all obligations under the terms of the Stipulation of Settlement, $402,331.88, plus interest;

4. Require all unpaid payments of arrears under the Stipulation of Settlement to the Fund;

5. Require the payment of pre-judgment interest on the unpaid contributions;

6. Require the payment of an additional amount equal to the greater interest or Liquidated damages;

7. Require the issuance of an injunction compelling Defendant to satisfy the demands made by Plaintiff, and requiring it to make all appropriate contributions;

8. Require the payment of reasonable attorney's fees and costs of suits; and

9. Require such other legal or equitable relief as the Court deems necessary.

Respectfully submitted,
OXFELD COHEN, PC

BY: _____
ARNOLD SHEP COHEN

DATED: Sept. 26, 2013

## CLAIM FOR JURY TRIAL

Plaintiff claims its right to a trial by jury on all issues.

Respectfully submitted,
OXFELD COHEN, PC

BY: _____
ARNOLD SHEP COHEN

DATED: Sept. 26, 2013